**WILMERHALE**

December 1, 2020

**BY ECF**

**Channing Turner**

+1 212 295 6837 (t)
+1 212 230 8888 (f)
channing.turner@wilmerhale.com

The Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers 1217
Brooklyn, New York 11201

Re: *Roberto Moran, et al., v. The King of Empanadas, Inc., et al.,*
Case No. 1:19-cv-01986 (KAM) (SMG)

Dear Judge Gold:

Pursuant to the Court's October 1, 2020 Order, Plaintiffs Roberto Moran, Mauricia Aviles, and Yazmin Aviles respectfully submit this status report. Since filing their last status report on September 30, 2020, Plaintiffs have attempted in good faith to advance this matter against individual Defendants Odalis Rosario and Rafael Sedeno. Unfortunately, Defendants have failed to meaningfully participate in either discovery designed to advance Plaintiffs' claims or reasonable settlement negotiations to resolve this dispute.

Since October, Plaintiffs have, among other things, repeatedly requested that Mr. Rosario produce relevant documents and sit for a deposition. Mr. Rosario has still not produced any documents in response to either Plaintiffs' requests or the Court's July 28, 2020 Order. Although Mr. Rosario tentatively agreed on October 28, 2020, to sit for a deposition on November 5, 2020, Plaintiffs were subsequently unable to reach him in order to confirm that date. Plaintiffs have had no contact with Mr. Rosario since then, despite repeated attempts to reach him by phone, text message, and letter. Plaintiffs enclose as Attachment A the letter they sent to Mr. Rosario on November 11, 2020, memorializing the parties' last conversation and Plaintiffs' subsequent attempts to make contact.

Similarly, Plaintiffs have had no contact with Mr. Sedeno since his last telephonic appearance before the Court on July 28, 2020. At that conference, the Court ordered Mr. Sedeno to produce relevant documents and participate in a settlement conference. Mr. Sedeno has neither produced documents nor attended the settlement conference as ordered.

Plaintiffs have had contact with Eddy Estrella, a friend of defendants who participated as a translator during the July 28, 2020 conference with the Court. Although Plaintiffs appreciate Mr. Estrella's efforts to mediate between the parties, Plaintiffs now believe that Mr. Estrella has also failed to secure Defendants' cooperation and that his representations may not fully reflect Defendants' intentions in this matter.

WILMERHALE

The Honorable Steven M. Gold
December 1, 2020
Page 2

The parties have therefore reached an impasse. Accordingly, Plaintiffs respectfully request that the Court order the entry, or authorize Plaintiffs to seek entry by the Clerk, of a certificate of default against Messrs. Rosario and Sedeno for failure to "otherwise defend" pursuant to Federal Rule of Civil Procedure 55(a).[1] *See City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 129-31 (2d Cir. 2011) (discussing entry of default for failure to "otherwise defend"); *Rowe v. CC Rest. & Bakery, Inc.*, Civ. No. 17-01423 (CBA) (PK), 2019 WL 4395158, at *4 (E.D.N.Y. Aug. 15, 2019) (entering default judgment in a FLSA action against defendants who answered and appeared in the action but "stopped appearing and defending" (citing *Mister Softee, Inc. v. Tsirkos*, Civ. No. 14-1975 (LTS) (RLE), 2015 WL 7458619, at *3 (S.D.N.Y. Nov. 23, 2015)), *report and recommendation adopted*, Civ. No. 17-1423 (CBA) (PK), 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019). If the Court believes entry of default is inappropriate at this time, Plaintiffs alternatively propose that the Court schedule a conference with the parties and/or order Defendants to show cause why default should not be entered.

Thank you for Your Honor's continued attention to this matter. Please do not hesitate to contact me if the Court has any questions or concerns.

Respectfully submitted,

*/s/ Channing Jay Turner*

Channing Jay Turner


Enclosures

---

[1] Although Rule 55(a) provides for entry of default by the Court Clerk, "a district judge also possesses the inherent power to enter a default." *Mickalis Pawn Shop*, 645 F.3d at 128 (citing *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir.1997)). Plaintiffs respectfully defer to the Court as to whether entry of default is best handled by the Clerk or the Court itself.

# Attachment A



November 11, 2020

**<u>Via U.S. Mail</u>**
Odalis Rosario
1666 Bell Blvd
Apartment #244
Bayside, NY 11360

Mr. Rosario:

     I am writing as a final attempt to schedule your deposition at a mutually convenient date. During our teleconference with Magistrate Judge Steven Gold on July 28, 2020, you were ordered by the Court to produce documents relevant to settlement and participate in a settlement conference on September 15, 2020. You did not produce any documents and did not attend the settlement conference. Since then, we have attempted in good faith secure your cooperation or reach a reasonable settlement of Plaintiff's claims against you.

     I have been unable to reach you by telephone or email, despite several attempts. I spoke to you by phone on Wednesday, October 28, 2020, and proposed that we hold your deposition on Thursday, November 5th. You tentatively agreed, but said we could speak on Thursday, October 29th to confirm the date. However, when I called you on October 29th, you did not answer. I also called you on Friday, October 30th and Monday, November 3rd, and you did not answer or return my call. I also sent you a text message on October 29th and an email on October 30th, and received no response.

     To date, you have not provided us with any documents or information regarding Plaintiffs' claims against you, or otherwise participated in the discovery process. If you fail to participate in the lawsuit against you, for example, by ignoring Plaintiffs' requests for documents or attempts to schedule depositions, Plaintiffs will seek an order of default of you. An order of default is a court order that automatically decides the case in the Plaintiffs' favor, based on your failure to defend against their claims.

     Please call me at (929) 430-3216 or email me at [adavis@catholicmigration.org](mailto:adavis@catholicmigration.org) no later than Thursday, November 17th to schedule a date for your deposition. If I do not hear from you by then, I will assume that you do not intend to defend this case and will proceed accordingly.

                       Sincerely,

                       /s/
                       Alice Davis, Esq.

Estimado Sr. Rosario:

Le escribo como un intento final de programar su entrevista jurada (o "deposición") en una fecha mutuamente conveniente. Durante nuestra teleconferencia con el juez magistrado Steven Gold el 28 de julio de 2020, el tribunal le ordenó que presentara documentos relevantes para un acuerdo de resolucion y participara en una conferencia de acuerdo el 15 de septiembre de 2020. Usted no presentó ningún documento y no asistió al acuerdo conferencia. Desde entonces, hemos intentado de buena fe asegurar su cooperación o llegar a un acuerdo razonable de las reclamaciones del demandante en su contra.

No he podido comunicarme con usted por teléfono o correo electrónico, a pesar de varios intentos. Hablé con usted por teléfono el miércoles 28 de octubre de 2020 y le propuse que programamos su deposición el jueves 5 de noviembre. Usted estuvo de acuerdo tentativamente, pero dijo que podíamos hablar el jueves 29 de octubre para confirmar la fecha. Sin embargo, cuando le llamé el 29 de octubre, no respondió. También le llamé el viernes 30 de octubre y el lunes 3 de noviembre y no respondió ni me devolvió la llamada. También le envié un mensaje de texto el 29 de octubre y un correo electrónico el 30 de octubre y no recibí respuesta.

Hasta la fecha, no nos ha proporcionado ningún documento o información con respecto a las reclamaciones de los demandantes, ni ha participado en el proceso de descubrimiento. Si no participa en la demanda en su contra, por ejemplo, al ignorar las solicitudes de documentos de los demandantes o los intentos de programar deposiciones, los demandantes solicitarán una orden de defecto en su parte. Una orden de defecto es una orden judicial que decide automáticamente el caso a favor de los demandantes, debido a su falta de defenderle contra los reclamos.

Por favor llámeme al (929) 430-3216 o envíeme un correo electrónico a adavis@catholicmigration.org a más tardar el jueves 17 de noviembre para programar una fecha para su deposición. Si para entonces no tengo noticias suyas, asumiré que no tiene la intención de defender este caso y procederé en consecuencia.

Atentamente

/s/
Alice Davis, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2020, I caused the foregoing to be filed electronically with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties. In addition, I served copies of the foregoing on the following parties by overnight FedEx at the following addresses:

> Odalis Rosario
> 1666 Bell Blvd
> Apartment #244
> Bayside, NY 11360
>
> Rafael Sedeno
> 37-50 108th Street
> Apartment #4
> Corona, NY 11368

December 1, 2020
New York, NY

                                          Respectfully submitted,

                                          */s/ Channing Jay Turner*
                                          Channing Jay Turner
                                          WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                          7 World Trade Center
                                          250 Greenwich St.
                                          New York, New York 10007
                                          Ph: 212-230-8000
                                          Fax: 212-230-8888
                                          channing.turner@wilmerhale.com

                                          *Counsel for Plaintiffs Roberto Moran,*
                                          *Mauricia Aviles, and Yazmin Aviles*